**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

| Southern | District of | New York |
|---|---|---|
| | | (State) |

Case number (*if known*): _____    Chapter    11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy                06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Operand Pharmaceuticals Holdco II Limited |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Zoo Universal Pharmaceuticals Holdco II Limited |

| | |
|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)**        N/A |

| | |
|---|---|
| 4. | **Debtor's address** |

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| First Floor, Minerva House, Simmonscourt Road | 1400 Atwater Drive |
| Number      Street | Number      Street |
| | P.O. Box |
| Ballsbridge, Dublin 4,    D04H9P8, Republic of Ireland | Malvern              PA   19355 |
| City              State    ZIP Code | City                State   ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| County | Number      Street |
| | City                State    ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.endo.com |

| Debtor | Operand Pharmaceuticals Holdco II Limited | Case number (if known) | |
|---|---|---|---|
| | Name | | |

---

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
☐ Partnership (excluding LLP)
☐ Other. Specify:

---

**7.  Describe debtor's business**

A. Check one:

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. Check all that apply:

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

3   2   5   4

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

Check one:
☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. Check all that apply:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.
☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes

| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case number | _____ |
| | | | MM / DD / YYYY | | |

---

| Debtor | Operand Pharmaceuticals Holdco II Limited | Case number (*if known*) |
|---|---|---|
| | Name | |

| **10.** | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No | | | | |
| | | ☒ Yes | Debtor | See Annex 1 | Relationship | Affiliate |
| | List all cases. If more than 1, attach a separate list. | | District | Southern District of New York | When | 08/16/2022 |
| | | | | | | MM / DD / YYYY |
| | | | Case Number, if known | 22-22549 (JLG) | | |

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

| | |
|---|---|
| Number | Street |

| | | |
|---|---|---|
| City | State | Zip Code |

**Is the property insured?**

☐ No

☐ Yes    Insurance agency

Contact name

Phone

---

### Statistical and administrative information

**13.** **Debtor's estimation of available funds***

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

* As of the filing of this petition, the Debtor is not anticipated to have any creditors.

**14.** **Estimated number of Creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,000-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

* As of the filing of this petition, the Debtor is not anticipated to have any creditors.

---

Debtor   Operand Pharmaceuticals Holdco II Limited _____    Case number (if known)_____
            Name

| | | |
|---|---|---|
| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion* |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

\* Represents consolidated financial information for the Debtor and its affiliated debtor entities that filed on August 16, 2022. This does not constitute a statement or admission as to the assets of any of the debtor entities individually.

| | | |
|---|---|---|
| **16. Estimated liabilities** | ☒ $0-$50,000* | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

\* As of the filing of this Petition, the Debtor is not anticipated to have any liabilities.

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   05/25/2023
          MM / DD / YYYY

**X** /s/ Mark T. Bradley
    Signature of authorized representative of debtor      Mark T. Bradley
                                               Printed name

Title     Chief Financial Officer

**18. Signature of attorney**

**X** /s/ Paul D. Leake
    Signature of attorney for debtor         Date   05/25/2023
                                              MM / DD / YYYY

Paul D. Leake
Printed name

Skadden, Arps, Slate, Meagher & Flom LLP
Firm name

One Manhattan West
Number    Street

New York                 New York     10001-8602
City                          State     ZIP code

(212) 735-3000           Paul.leake@skadden.com
Contact phone                 Email address

2313286                   New York
Bar number                 State

## ANNEX 1

### Pending Bankruptcy Cases Filed by Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor, the "Additional Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court").

| | Debtors' Name | Debtors' EIN |
|---|---|---|
| 1. | Operand Pharmaceuticals Holdco II Limited | N/A |
| 2. | Operand Pharmaceuticals Holdco III Limited | N/A |

As contemplated by the *Order (i) Establishing Bidding, Noticing, and Assumption and Assignment Procedures, (ii) Approving Certain Transaction Steps, and (iii) Granting Related Relief* [ECF No. 1765] (the "Bidding Procedures Order") and pursuant to the *Order (i) Directing Joint Administration of the Chapter 11 Cases Pursuant to Bankruptcy Rule 1015(b); (ii) Waiving the Requirements of Section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rule 2002(n); and (iii) Granting Related Relief* [ECF No. 45], the Additional Debtors will file a notice effectuating the joint administration of their chapter 11 cases with the jointly administered chapter 11 cases of Endo International plc and its debtor affiliates (collectively, the "Initial Debtors") filed in this Court on August 16, 2022 under Case No. 22-22549 (JLG). A complete list of the Initial Debtors can be found on Annex 1 of the *Voluntary Petition for Non-Individuals Filing for Bankruptcy* filed by Endo International plc [ECF No. 1].

**UNANIMOUS WRITTEN RESOLUTION OF ALL OF THE DIRECTORS**

**OF**

**OPERAND PHARMACEUTICALS HOLDCO II LIMITED**

(the **Company**)

We, the undersigned, being all the directors of the Company **HEREBY NOTE AND RESOLVE** in accordance with Section 161(1) of the Companies Act 2014 and the constitution of the Company as follows:

## 1   DIRECTORS' INTERESTS

1.1   **IT IS NOTED** that each of directors has disclosed to the secretary of the Company, the manner (if any) in which he or she is interested in the business of these resolutions for the purposes of Section 231 of the Companies Act 2014 (the **Act**) and the secretary is instructed to note any such aforesaid interests in the Company's register of directors'/secretary's interests in accordance with Section 231(6) of the Act.

## 2   PURPOSE AND BACKGROUND

2.1   **IT IS NOTED** that the purpose of these resolutions is to consider, and if thought fit, approve a proposed petition to be filed by the Company (the **Petition**) in the United States Bankruptcy Court for the Southern District of New York (the **Bankruptcy Court**) seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the **Bankruptcy Code**) and other related matters.

2.2   **IT IS NOTED** that:

2.2.1   the Company is an indirect wholly-owned subsidiary of Endo International plc (**Endo**) and part of the Endo group of companies (the **Group**);

2.2.2   on 16 August 2022, Endo and certain of its affiliates (the **Debtors**) filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code and commenced cases (the **Chapter 11 Cases**) before the Bankruptcy Court, with the approval of Endo's Board of Directors;

2.2.3   in connection with the filing of the Chapter 11 Cases, the Debtors entered into a restructuring support agreement on 16 August 2022 (including the exhibits thereto and as subsequently amended on 24 March 2023, the **RSA**) with an ad hoc group of holders of a majority of the Debtors' first lien debt (the **Ad Hoc First Lien**

**Group**), which sets forth a framework for a sale process supervised by the Bankruptcy Court; at which an entity controlled by the Ad Hoc First Lien Group would serve as the stalking horse bidder, subject to higher or otherwise better bids to be solicited through a Bankruptcy Court-approved marketing and auction process.

2.2.4    on 3 April 2023, the Bankruptcy Court entered an order (the **Bidding Procedures Order**) approving, among other things, the Debtors' bidding procedures for the proposed sale of substantially all of their assets (the **Sale**) and authorizing the Debtors to implement certain reconstruction steps designed to facilitate the closing of the Sale in a tax efficient manner (the **Reconstruction Steps**);

2.2.5    the Reconstruction Steps contemplated that the Company would, among other things, be formed, file a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the **Petition**), and have its case jointly administered with the Chapter 11 Cases, such filing being subject to and conditional upon completion of certain of the Reconstruction Steps;

2.2.6    the board of directors of the Company (the **Board**) has:

(a)    considered presentations by the management of, and the financial and legal advisors to, the Group regarding the Chapter 11 Cases, the Reconstruction Steps and the Company's proposed Petition, and the effect of the foregoing on the Company's and the Group's business, creditors, stakeholders and other parties-in-interest;

(b)    had the opportunity to consult with the Group's management, and financial and legal advisors and other professionals, and fully consider the Chapter 11 Cases, the Reconstruction Steps and the Company's proposed Petition; and

(c)    based on its review of the Reconstruction Steps and advice provided by its advisors and professionals, determined that it is in the best interests of the Company, the Group, and their respective creditors, stakeholders, and other parties-in-interest, for the Company to approve the Petition and other related matters.

2.3    **IT IS FURTHER NOTED** that at a meeting held on 24 May 2023 (the **Meeting**), the potential imminent filing of the Petition was considered and discussed in detail by the Board with the Company's advisers.

3    **CHAPTER 11 CASE**

3.1    **IT IS NOTED** that:

    3.1.1    the Board understands that, as contemplated by the Reconstruction Steps, the Company and certain of its affiliates propose to file petitions seeking relief under the provisions of chapter 11 of the Bankruptcy Code with their chapter 11 cases being jointly administered with the Chapter 11 Cases;

    3.1.2    a draft of the Petition to be filed by the Company in the Bankruptcy Court seeking relief under the provisions of chapter 11 of the Bankruptcy Code, in which the authority to operate as a debtor-in-possession will be sought, has been circulated and reviewed in detail by the Board;

    3.1.3    the Board, having considered the best course of action to maximize value for the Company, the Group, and its and their respective creditors, stakeholders, and other parties-in-interest, deems it advisable and in the best interests of such parties that the Company authorize the filing of the Petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code.

3.2    After due and careful consideration at the Meeting, and having made a full enquiry into the affairs of the Company, the interests of the Company's stakeholders, creditors and parties-in-interest, and taking account of the total amount of its assets and liabilities, **IT IS RESOLVED** that:

    3.2.1    in the judgment of the Board, it is desirable and in the best interests of the Company, the Group, and its and their respective creditors, stakeholders, and other parties-in-interest, that a voluntary petition be filed by the Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

    3.2.2    the filing of such petition by the Company is authorized, approved and confirmed; and

    3.2.3    each of the directors and the secretary of the Company and the Chief Financial Officer of Endo (each, an **Authorized Officer**), is hereby authorized and empowered, on behalf of and in the name of the Company, to execute and verify a petition in the name of the Company under chapter 11 of the Bankruptcy Code and to cause said petition to be filed in the Bankruptcy Court in such form and at such time as the Authorized Officer(s) executing said petition on behalf of the Company shall determine.

4    **RETENTION OF PROFESSIONALS**

4.1    **IT IS NOTED** that the Company is also being asked to consider, and if thought fit, approve the retention of certain legal and financial advisors and agents in connection with its chapter 11 case.

4.2    Following due and careful consideration by the Board at the Meeting, **IT IS RESOLVED** that:

    4.2.1    the Authorized Officers be, and each of them is, authorized and empowered, on behalf of and in the name of the Company, to retain and employ professionals to render services to the Company in connection with the chapter 11 case and any transactions contemplated in connection therewith, including, without limitation:

        (a)  the law firm Skadden, Arps, Slate, Meagher & Flom LLP, to act as chapter 11 counsel;

        (b)  A&L Goodbody LLP to act as Irish legal counsel;

        (c)  Alvarez & Marsal Holdings, LLC, to act as financial advisor;

        (d)  PJT Partners L.P. to act as investment banker;

        (e)  Kroll, LLC to act as claims and noticing agent and administrative advisor; and

        (f)  other professionals retained by the Debtors in connection with the Chapter 11 cases; and

    4.2.2    in connection with the retention and employment of professionals pursuant to paragraph 4.2.1, each Authorized Officer is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such professionals.

5    **GENERAL AUTHORIZATIONS**

    5.1.1    **IT IS RESOLVED** that:

        (a)  the Authorized Officers be, and each of them hereby is, authorized and empowered, on behalf of and in the name of the Company:

            (i)  to execute, deliver, perform, verify or file, or cause to be executed, delivered, performed, verified or filed (or direct others to do so on their

behalf as provided herein) all necessary documents, including, without limitation, all petitions, affidavits, statements, schedules, motions, lists, applications, pleadings, other papers, security documents, guarantees, reaffirmations, control agreements, waivers of or amendments to existing documents, and where such document is expressed to be under hand, any Authorized Officer be authorised to execute such document under hand on behalf of the Company and where such document is expressed to be under seal, such document be executed by affixing the seal of the Company to the document having it countersigned in accordance with the constitution of the Company;

(ii)     to negotiate the forms, terms and provisions of, and to execute and deliver any amendments, modifications, waivers or consents to any of the foregoing as may be approved by any Authorized Officer, which amendments, modifications, waivers or consents may provide for consent payments, fees or other amounts payable or other modifications of or relief under such agreements or documents, the purpose of such amendments, modifications, waivers or consents being to facilitate consummation of the transactions contemplated by the foregoing resolutions or for any other purpose;

(iii)    in connection with the foregoing, to employ and retain all assistance by legal counsel, investment bankers, accountants, restructuring professionals or other professionals, and

(iv)     to take any and all action which such Authorized Officer deems necessary or proper in connection with the chapter 11 case, with a view to the successful prosecution of the chapter 11 case contemplated by the foregoing resolutions and the successful consummation of the transactions contemplated by the foregoing resolutions, including, without limitation, any action necessary or proper to maintain the ordinary course operation of the Company's business;

(b)   the Authorized Officers be, and each of them hereby is, authorized to approve, execute, deliver and perform any and all special powers of attorney as such Authorized Officer may deem necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions, pursuant to which such Authorized Officer will make certain appointments of attorneys to facilitate consummation of the transactions contemplated by the foregoing resolutions as the Company's true and lawful attorneys and authorize

5

each such attorney to execute and deliver any and all documents of whatsoever nature and description that may be necessary or desirable to facilitate consummation of the transactions contemplated by the foregoing resolutions;

(c) all acts lawfully done or actions lawfully taken by any Authorized Officer to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the chapter 11 case, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed, and approved in all respects as the acts and deeds of the Company in all respects by the Board;

(d) all acts lawfully done or actions lawfully taken by any Authorized Officer, or by any employees or agents of the Company, on or before the date hereof in connections with the transactions contemplated by the foregoing resolutions be, and they hereby are, ratified, confirmed and approved in all respects by the Board;

(e) the omission from these resolutions of any agreement, document or other arrangement contemplated by any of the agreements, instruments, filings or other documents described in the foregoing resolutions or any action to be taken in accordance with any requirement of any of the agreements, instruments, filings or other documents described in the foregoing resolutions shall in no manner derogate from the authority of any of the Authorized Officers to take any and all actions convenient, necessary, desirable, proper, advisable or appropriate to consummate, effectuate, carry out or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

(f) the authority conferred upon any Authorized Officer by these resolutions is in addition to, and shall in no way limit, such other authority as such Authorized Officer may have with respect to the subject matter of the foregoing resolutions;

(g) the directors shall continue the Company without dissolution pursuant to any applicable provisions of the constitution of the Company, notwithstanding the bankruptcy of any parent company; and

(h) each of the Authorized Officers (and their designees and delegates) be, and hereby are, authorized and empowered to take all actions or not to take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, managing member, manager (or similar role) of each subsidiary of the Company, in each case, as such Authorized Officers or Authorized Officers

shall deem necessary proper, appropriate, desirable or advisable to effectuate the purposes of the transactions contemplated by the foregoing resolutions.

*[Signature Page Follows]*

Signed by the following being all of the directors of the Company for the time being:

**Marie-Therese Bolger**

**James Papp**

Date: 25 May 2023

Date: 25 May 2023

**Jenny O'Connell**

Date: 25 May 2023

**NB: This resolution is not effective until signed by all of the directors. The effective date will be the date on which the last director signs. Separate copies of the resolution may be signed.**

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Paul D. Leake
Lisa Laukitis
Shana A. Elberg
Evan A. Hill
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Fax: (212) 735-2000

*Counsel for Debtors and Debtors in Possession*

| | |
|---|---|
| *In re* | **Chapter 11** |
| **OPERAND PHARMACEUTICALS HOLDCO II LIMITED,** | **Case No. 23-[_____] (JLG)** |
| **Debtor.**[1] | **(Jointly Administered)** |

### CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007 AND 7007.1

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, the above-captioned chapter 11 debtor (the "Debtor" and, together with its affiliates that are jointly administered debtors under Case No. 22-22549 (JLG), the "Debtors") respectfully represents:

1.      Endo International plc is a publicly traded corporation. The Vanguard Group, Inc. owns 12.07%.[2] No other entities have a direct or indirect ownership interest of 10% or more in Endo International plc.

---

[1]    The Debtor's service address for purposes of this chapter 11 case is: 1400 Atwater Drive, Malvern, PA 19355.

[2]    As of August 8, 2022.

2.      Endo International plc owns 100% of the equity interests in Endo Designated Activity Company.

3.      Endo Designated Activity Company owns 100% of the equity interests in Endo Finance IV Unlimited Company.

4.      Endo Finance IV Unlimited Company owns 100% of the equity interests in Endo Management Limited.

5.      Endo Management Limited owns 100% of the equity interests in the following Debtors: Endo Procurement Operations Limited; Endo TopFin Limited; Endo Global Development Limited; and Endo Ventures Aesthetics Limited.

6.      Endo TopFin Limited owns 100% of the equity interests in the following Debtors: Endo Ventures Cyprus Limited and Operand Pharmaceuticals Holdco III Limited.

7.      Endo Ventures Cyprus Limited owns 55% of the common shares of Endo Global Ventures. Endo Designated Activity Company owns 45% of the common shares and 100% of the non-qualified preferred shares Endo Global Ventures.

8.      Endo Ventures Cyprus Limited owns 100% of the equity interests in Endo Ventures Bermuda Limited.

9.      Operand Pharmaceuticals Holdco III Limited owns 100% of the equity interests in Endo Ventures Limited.

10.      Endo Ventures Limited owns 100% of the equity interests in the following Debtors: Endo Global Aesthetics Limited; Operand Pharmaceuticals Holdco II Limited; Generics International Ventures Enterprises LLC; and owns 100% of the equity interests in non-Debtor Operand Pharmaceuticals I Holdco Limited.

11.     Endo Ventures Limited owns 98.99% of the equity interests in Endo Luxembourg Holding Company S.à r.l. and Endo Bermuda Ventures Limited owns 1.01% of the equity interests in Endo Luxembourg Holding Company S.à r.l.

12.     Operand Pharmaceuticals Holdco II Limited owns 100% of the equity interests in Endo Global Biologics Limited.

13.     Endo Luxembourg Holding Company S.à r.l. owns 100% of the equity interests in Endo Luxembourg Finance Company I S.à r.l.

14.     Endo Luxembourg Finance Company I S.à r.l. owns 100% of the equity interests in the following Debtors: Par Pharmaceutical Holdings, Inc.; Endo Global Finance LLC; Paladin Labs Canadian Holding Inc.; Endo LLC; Endo Ireland Finance II Limited; and Endo Finco Inc.

15.     Par Pharmaceutical Holdings, Inc. owns 100% of the equity interests in the following Debtors: Par Pharmaceutical Companies, Inc. and Luxembourg Endo Specialty Pharmaceuticals Holding I S.à r.l.

16.     Endo Global Finance LLC owns 100% of the equity interests in Endo Finance Operations LLC.

17.     Paladin Labs Canadian Holding Inc. owns 100% of the equity interests in Paladin Labs Inc.

18.     Endo Ireland Finance II Limited owns 100% of the equity interests in the following Debtors: Endo Eurofin Unlimited Company and Endo Bermuda Finance Limited.

19.     Endo Eurofin Unlimited Company owns 100% of the equity interests in Endo U.S. Inc.

20.     Endo U.S. Inc. owns 100% of the equity interests in the following Debtors: Endo U.S. Holdings Luxembourg I S.à r.l. and Endo Health Solutions Inc.

21.     Par Pharmaceutical Companies, Inc. owns 100% of the equity interests in Par Pharmaceutical, Inc.

22.     Par Pharmaceutical, Inc. owns 100% of the equity interests in the following Debtors: BioSpecifics Technologies LLC; Par Laboratories Europe, Ltd.; Innoteq, Inc.; Endo Finance LLC; Generics International (US), Inc.; Kali Laboratories, LLC; Endo Par Innovation Company, LLC; Par, LLC; non-Debtor Par Formulations Private Limited; Anchen Incorporated and JHP Group Holdings, LLC.

23.     Generics International (US), Inc. owns 100% of the equity interests in the following Debtors: Moores Mill Properties L.L.C.; Vintage Pharmaceuticals, LLC; DAVA Pharmaceuticals, LLC; and Generics Bidco I, LLC.

24.     Anchen Incorporated owns 100% of the equity interests in Anchen Pharmaceuticals, Inc.

25.     JHP Group Holdings, LLC owns 100% of the equity interests in JHP Acquisition, LLC.

26.     Generics Bidco I, LLC owns 50% of the equity interests in Quartz Specialty Pharmaceuticals, LLC. Vintage Pharmaceuticals LLC also owns 50% of the equity interests.

27.     DAVA Pharmaceuticals, LLC owns 100% of the equity interests in DAVA International, LLC.

28.     JHP Acquisition, LLC owns 100% of the equity interests in Par Sterile Products, LLC.

29.    Endo Health Solutions Inc. owns 100% of the equity interests in the following Debtors: Endo Aesthetics LLC; Hawk Acquisition Ireland Limited; Endo Luxembourg International Financing S.à r.l; and Bermuda Acquisition Management Limited.

30.    Hawk Acquisition Ireland Limited owns 100% of the equity interests in Endo Generics Holdings, Inc.

31.    Endo Generics Holdings, Inc. owns 100% of the equity interests in the following Debtors: Par Pharmaceutical 2, Inc. and Kali Laboratories 2, Inc.

32.    Par Pharmaceutical 2, Inc. owns 100% of the equity interests in Endo Pharmaceuticals Inc. and Branded Operations Holdings, Inc.

33.    Branded Operations Holdings, Inc. owns 100% of the equity interests in the following Debtors: Endo Pharmaceuticals Solutions Inc., Generics International (US) 2, Inc., and Endo Pharmaceuticals Finance LLC.

34.    Endo Pharmaceuticals Inc. owns 100% of the equity interests in the following Debtors: Astora Women's Health, LLC and Astora Women's Health Ireland Limited.

35.    Astora Women's Health, LLC owns 100% of the equity interests in the following non-Debtors: Astora Women's Health Technologies and Astora Women's Health Bermuda ULC.

36.    Generics International (US) 2, Inc. owns 100% of the equity interests in Auxilium Pharmaceuticals, LLC.

37.    Auxilium Pharmaceuticals, LLC owns 100% of the equity interests in the following Debtors: Auxilium US Holdings, LLC, Auxilium International Holdings, LLC, and Actient Pharmaceuticals LLC.

38.    Actient Pharmaceuticals LLC owns 100% of the equity interests in the following Debtors: Slate Pharmaceuticals, LLC; 70 Maple Avenue, LLC; and Timm Medical Holdings, LLC.

39.    Actient Pharmaceuticals LLC owns 95% of the common shares of Actient Therapeutics, LLC.  Slate Pharmaceuticals, LLC owns 5% of the common shares and 100% of the preferred shares.

40.    Endo Pharmaceuticals Solutions Inc. owns 100% of the equity interests in Endo Pharmaceuticals Valera Inc and 65% of the membership interests in non-Debtor CPEC LLC. An unaffiliated third party owns a 35% membership interest in CPEC LLC.

41.    Endo Pharmaceuticals Valera Inc. owns 100% of the equity interests in Endo Innovation Valera, LLC.

## Organizational Chart (Simplified)



Fill in this information to identify the case:

Debtor Name  Operand Pharmaceuticals Holdco II Limited

United States Bankruptcy Court for the Southern District of New York

Case number (if known) _____

☐ Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | **Total Claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured Claim** |
| 1. None. | | | | | | |
| 2. | | | | | | |
| 3. | | | | | | |
| 4. | | | | | | |
| 5. | | | | | | |
| 6. | | | | | | |
| 7. | | | | | | |
| 8. | | | | | | |
| 9. | | | | | | |
| 10. | | | | | | |
| 11. | | | | | | |
| 12. | | | | | | |
| 13. | | | | | | |
| 14. | | | | | | |
| 15. | | | | | | |
| 16. | | | | | | |
| 17. | | | | | | |
| 18. | | | | | | |
| 19. | | | | | | |
| 20. | | | | | | |

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | Operand Pharmaceuticals Holdco II Limited |
| United States Bankruptcy Court for the: | Southern                District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)

☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)

☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)

☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)

☐ Schedule H: Codebtors (Official Form 206H)

☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)

☐ Amended Schedule _____

☒ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)

☒ Other document that requires a declaration Consolidated Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on        05/25/2023                x /s/ Mark T. Bradley
                   MM/DD/YYYY                Signature of individual signing on behalf of debtor

                                            Mark T. Bradley
                                            Printed Name
                                            Chief Financial Officer
                                            Position or relationship to debtor